UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JOHN LANDRY, INDIVIDUALLY AND ON BEHALF OF SIMILARLY SITUATED EMPLOYEES | CIVIL ACTION NO.: |
| VERSUS | SEC.: |
| THE STATE OF LOUISIANA, THROUGH THE SOUTHERN UNIVERSITY BOARD OF SUPERVISORS | MAG.: |

Filed_____          Clerk_____

**COMPLAINT**

NOW INTO COURT, through undersigned counsel, comes plaintiff, John Landry ("Officer Landry), individually and on behalf of similarly situated employees, who respectfully submits:

**<u>JURISDICTION AND VENUE</u>**

I.

This action is brought to remedy a wage and hour violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq*. and a breach of contract.

II.

This Court has jurisdiction of this action under 28 U.S.C. §1331 and its pendent jurisdiction over state claims.

III.

As the unlawful practices complained of herein occurred within the Eastern District of the State of Louisiana, venue is proper in this district pursuant to 28 U.S.C. § 1391.

**PARTIES**

IV.

Made defendant herein is the State of Louisiana ("the State") through the Southern University Board of Supervisors ("Southern Board").

**ALLEGATIONS COMMON TO ALL CAUSES OF ACTION**

V.

At all times pertinent hereto the Board had complete control, supervision and management authority over Southern University at New Orleans ("SUNO").

VI.

At all times pertinent hereto, Officer Landry was employed by SUNO's Police Department as a police officer and Courtesy Officer.

VII.

In or around February 2016, SUNO and Officer Landry entered into a contract (the "Contract") whereby Officer Landry, in his capacity as Courtesy Officer, would reside in housing on SUNO's campus.  When he was off duty as a police officer, he would be on call as a Courtesy Officer and respond to calls for police assistance on SUNO's campus.  His compensation for being on call and responding to calls as a Courtesy Officer consisted of being allowed to live on

campus for free or at a reduced rate.

VIII.

During the period February 2016 to present, Officer Landry, in his capacity as Courtesy Officer, has responded to numerous calls for police assistance on campus.

IX.

Despite the Contract, SUNO has refused to allow Officer Landry to live on campus for free or at a reduced rate.  SUNO has refused to pay Officer Landry wages and overtime pay for the hours worked as a Courtesy Officer.

X.

SUNO has entered into contracts with other Courtesy Officers similar to the Contract entered into with Officer Landry.  SUNO has also breached those contracts and failed to pay those similarly situated Courtesy Officers wages and overtime pay for the hours worked as a Courtesy Officer.

**FIRST CLAIM FOR RELIEF**

XI.

The allegations of paragraphs I through X are incorporated by reference herein.

XII.

The above complained of acts of defendant constitute a violation of the FLSA.

XIII.

As a direct and proximate result of said acts, Officer Landry has suffered a heart attack, and continues to suffer pain, lost income and emotional distress.  He has incurred, and continues

to incur, expenses for medical services, medicine, attorney's fees and costs.

## SECOND CLAIM FOR RELIEF

### XIV.

The allegations of paragraphs I through XIII are incorporated by reference herein.

### XV.

The above complained of acts of defendant constitute a breach of contract.

### XVI.

As a direct and proximate result of said acts, Officer Landry has suffered a heart attack, and continues to suffer pain, lost income, and emotional distress. He has incurred, and continues to incur, expenses for medical services, medicine, attorney's fees and costs.

## PRAYER

**WHEREFORE**, Officer Landry prays for judgment against defendant:

a.      awarding plaintiff past, present and future lost wages, overtime and prejudgment interest; and

b.      awarding plaintiff compensatory, liqudated, and punitive damages; and

c.      awarding plaintiff damages for physical pain and suffering, medical bills and medicine, emotional distress; and

d.      awarding reasonable attorneys' fees and costs incurred in this action; and

f.      legal interest on all the damages prayed for above from the date of judicial demand until paid, and;

g.      ordering any other relief this Court deems to be just and appropriate.

JURY DEMAND

Plaintiff demands a jury to hear and decide all issues of fact.

F.R.C.P. Rule 4(d) Waiver of Service requested.

Respectfully Submitted,


DANATUS N. KING & ASSOCIATES


/s/ Danatus N. King
Danatus N. King (La. Bar # 20249)
2475 Canal Street, Suite 308
New Orleans, Louisiana 70119
(504) 821-3221 Telephone
(504) 821-3131 Facsimile
dking@dkinglawfirm.com
Attorneys for John Landry and other
similarly situated employees